# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KERN VALLEY STATE PRISON, et al., ) <br> ) <br> ) <br> Defendants. ) <br> _____) | 1:07-cv-00383-BLW-LMB <br><br> **REPORT AND** <br> **RECOMMENDATION** |

The case has been referred to the undersigned Magistrate Judge by Order dated May 6, 2008 (Docket No. 44). The following motions are currently pending: (1) Defendant F. Herrera's Motion to Dismiss Plaintiff's Complaint. (Docket No. 29); (2) Defendant F. Herrera's Second Request for Extension of Time to Respond to Complaint (Docket No. 27); (3) Plaintiff's Notice of Obstruction of Justice– Non Defendants (Calipatria State Prison) and Request for Injunction (Docket No. 37); (4) Plaintiff's Motion for Appointment of Counsel (Docket No. 38); (5) Plaintiff's Request for Entry of Default (Docket No. 40); and (6) Plaintiff's Request for Default Judgment (Docket No. 41).

Having carefully reviewed the record and being otherwise fully advised, the following Report and Recommendation is hereby made.

REPORT AND RECOMMENDATION – 1

**REPORT**

**I. DEFENDANT'S MOTION TO DISMISS**

**A.     Background**

On July 25, 2006, Plaintiff, an inmate at the Kern Valley State Prison, engaged in a discussion with other inmates about the prison's policy of strip-searching inmates when returning to their cells from the yard. *Complaint*, p. 4 (Docket No. 1).[1]  At the time, Plaintiff and the other inmates were undressing in order to comply with the policy.  Defendant Officer Herrera was present and commented that the "MAC Committee," of which Plaintiff was a member, had agreed to the strip-down policy.  *Id*.  Plaintiff and Herrera exchanged words of disagreement with each other and Plaintiff walked away from Herrera.  *Id*. at pp. 4–5.  Herrera called after Plaintiff and Plaintiff did not respond, so Herrera called for the inmates in the yard to "get down."  *Id*.  Plaintiff held his clothing in one hand and his water bottle in another, and Herrera sprayed Plaintiff's back and head with pepper spray before Plaintiff laid flat to the ground with his arms out.  *Id*. at p. 5.  Plaintiff was later escorted to the medical department for decontamination.  *Id*.

Plaintiff filed a single grievance related to the incident that occurred between him and Herrera, wherein Plaintiff claimed that Herrera unjustifiably pepper-sprayed him.  *Complaint*, Exh. A, p. 13,  (Docket No. 1).  An Appeal Assignment Notice dated August 24, 2006, assigned Plaintiff's grievance with log number KVSP-O-02285.  *Id*. at p. 11.  This Notice also informed Plaintiff that his appeal had been granted a second level review.  *Id*.  On December 20, 2006,

---

[1] Defendant stipulates to the facts laid out in Plaintiff's Complaint for the purpose of his motion to dismiss.  *See Memorandum of Points and Authorities in Support of Motion to Dismiss*, p. 2 (Docket No. 29-2).

REPORT AND RECOMMENDATION – 2

Plaintiff's claim was partially granted at the second level of review. *Motion to Dismiss*, Exh. A, p. 11, (Docket No. 29-2).

Plaintiff filed this action on March 9, 2007, seeking compensatory and punitive damages for the alleged excessive force exerted upon him by Herrera. *Complaint*, p. 1 (Docket No. 1).[2] After filing this action, and approximately 120 days after the issuance of the second level appeal decision, Plaintiff appealed the decision to the Inmate Appeals Branch for the Director's level of review on April 19, 2007. *Motion to Dismiss*, Exh. C, p. 20 (Docket No. 29-2). The Inmate Appeals Branch screened out, or denied, Plaintiff's appeal as untimely because Plaintiff failed to appeal the second level decision within 15 days of receipt. *Id*. The screen-out decision rendered on April 19, 2007, is the final disposition of Plaintiff's administrative appeal. *Id*.

Defendant filed his motion to dismiss on January 21, 2009, on the grounds that Plaintiff filed this action prior to exhausting his administrative remedies, which contravenes well-established case law that requires prisoners to exhaust their administrative remedies prior to bringing a civil rights lawsuit. *Motion to Dismiss*, pp. 3–4 (Docket No. 29-2). Defendant notes that Plaintiff filed this action on March 9, 2007, more than one month prior to appealing the administrative second level decision to the director's level of review.

**B.     Standard of Law**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[3] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil

---

[2] Plaintiff named Kern Valley State Prison and M. Knowles as additional defendants but the Court authorized service to proceed against Defedant Herrera only. (Docket No. 22).

[3] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

REPORT AND RECOMMENDATION – 3

rights lawsuit in federal court. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Where there is an informal and relatively simple prison grievance system, prisoners must take advantage of it and properly exhaust their administrative remedies through that system. *Woodford v. Ngo*, 548 U.S. 81, 103 (2006). "Proper" exhaustion of administrative remedies means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). In *Woodford*, for example, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California prison grievance system. 548 U.S. at 86–87. The Court ultimately found that the prisoner had not properly exhausted his administrative remedies because he failed to file his grievance within the required time period. *Id.* at 103. The *Jones* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." 549 U.S. at 204. Additionally, as the *Woodford* Court noted, the exhaustion rule promotes judicial efficiency because either the dispute may be resolved outside of the court system or, at the very least, the "administrative procedure may produce a useful record" to assist the court in adjudicating the plaintiff's claim. 548 U.S. at 90.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002). In deciding

REPORT AND RECOMMENDATION – 4

a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005).

**C.     Discussion**

Defendant argues that Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies prior to filing suit. *Motion to Dismiss*, p. 1 (Docket No. 29-2). Defendant argues that Plaintiff only appealed to the second level of formal review and failed to appeal that decision to the third and final director's level review prior to filing suit. *Id.* at p. 2. Defendant acknowledges that Plaintiff appealed to the director's level review after filing suit, but argues that the appeal was properly denied as untimely because Plaintiff did not submit his appeal within 15 days of the second level decision. *Id.* at p. 6. Because Plaintiff failed to exhaust his administrative remedies prior to filing suit, Defendant argues, the case should be dismissed.

Plaintiff argues that the second level of review is the highest level of the administrative grievance process and that he had a "good reason" for not submitting the director's level appeal in a timely fashion. *Petitioner's Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition")*, p. 3 (Docket No. 31). Plaintiff argues that he was transferred to another institution and that the mail delivery system between the institutions delayed his appeal submission. *Id.* at p. 4. Specifically, Plaintiff claims that he did not receive the second level decision until April 11, 2006, nearly four months after the decision was rendered. *Plaintiff's Opposition*, Exh. B, p. 41 (Docket No. 32). Plaintiff also argues that the prison improperly issued the second level decision beyond the required response time. *Plaintiff's Opposition*, p. 4 (Docket No. 31).

REPORT AND RECOMMENDATION – 5

The California prison system's grievance process is relatively simple. *Woodford*, 548 U.S. at 103. First, a prisoner must attempt to resolve the grievance through an initial informal level, which includes the staff member involved in the aggrieved decision or action. Cal. Code Regs. tit. 15 § 3084.2(b) (2009). The staff member involved must report the action taken in the "response" space on the appeal form. *Id*. at § 3084.5(a)(2). If the inmate is dissatisfied with the results from the informal level response, there are three formal levels of review, which culminate in a director's level decision. *Id*. at § 3084.1(a). An inmate must appeal his claim to the director's level in order to satisfy the exhaustion requirement of the PLRA, as this is the final level of the California prison system's grievance process.

To appeal a departmental decision or action, the inmate must fill out a "CDC Form 602, Inmate/Parolee Appeal Form" to "describe the problem and the action requested." *Id*. at § 3084.2(a). The department must respond to an appeal on the informal level within ten working days; a first level response within 30 working days; a second level response within 20 working days, or 30 working days if the first level is waived pursuant to § 3084.5; and a third level response within 60 working days. *Id*. at § 3084.6(b)(1–4). An administrator may delay implementing a decision for up to 90 days, so long as the delay will not threaten the safety of any person or cause a "serious operational problem." *Id*. at § 3084.5(i). An inmate must appeal an unacceptable lower level appeal decision within 15 working days of receipt of the decision being appealed. *Id*. at (c). If an inmate fails to file his appeal within the prescribed time constraints, the department may properly dismiss the appeal by "screening" it out. *Id*. at 3084.3(c)(6).

At the outset, in this instant action, Plaintiff's argument that the second level review is the highest level of review for California's administrative grievance system is rejected. As was

REPORT AND RECOMMENDATION – 6

previously discussed, the California Code of Regulations clearly states that there are three formal levels of review, which conclude with the director's level review.  *See* § 3084.1(a).  As to Plaintiff's argument that the second level response was issued in an untimely manner, the California Code of Regulations provides a variety of exceptions for the time-line for department responses.  *See* § 3084.6(b)(5).  Regardless, Plaintiff's argument does not bear on whether he properly exhausted his administrative remedies prior to filing this suit.

The Supreme Court mandates that prisoners must exhaust their administrative remedies *prior* to filing suit in district court.  *See Woodford*, 548 U.S. at 103.  Plaintiff's argument that the institutional mailing system is slow and did not afford him an opportunity to appeal within 15 days of the second level decision is impertinent to Defendant's Motion to Dismiss.  If the Court accepts Plaintiff's claim that he did not receive the second level decision until April 11, 2007, the fact remains that Plaintiff filed suit prior to receiving the second level decision; thus, he did not exhaust the administrative appeals process prior to filing suit in district court.  Furthermore, even if the Court assumes that Plaintiff received the second level decision sometime between its issuance on December 20, 2006, and April 11, 2007, Plaintiff failed to complete the administrative appeals process through the director's level prior to filing suit on March 9, 2007.  Accordingly, Plaintiff's Complaint shall be dismissed for failure to exhaust administrative remedies prior to filing suit.

The Court concludes that Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Plaintiff failed to establish that he has an adequate excuse for failing to comply with the grievance system.  Accordingly, Defendant's Motion to Dismiss based on Plaintiff's failure to exhaust administrative remedies should be granted resulting in dismissal of

this action in its entirety. As a result, Defendant F. Herrera's Second Request for Extension of Time to Respond to Complaint (Docket No. 27) is moot.

## II. PLAINTIFF'S PENDING MOTIONS

**A. Notice of Obstruction of Justice – Non Defendants (Calipatria State Prison) and Request for Injunction.**

Plaintiff alleges in his Notice of Obstruction of Justice and Request for Injunction (Docket No. 37) that the prison mail procedure is interfering with his ability to contact witnesses and asks the Court to order the defendant's attorney to instruct the non-parties "to comply with policies and procedures so the Plaintiff can correspond with witnesses at will." (Docket No. 37, p.2.) Because it is recommended that this case be dismissed, this motion is moot. Nonetheless, this Court will not interfere with or change the prison's mail policy. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (the Supreme Court cautioned federal courts not to interfere with the day-to-day operations of prisons, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners). Accordingly, regardless of the dismissal, this motion would be denied.

**B. Motion for Appointment of Counsel**

Plaintiff has also filed a motion to appoint counsel, arguing that he is unable to afford counsel and is untrained in the legal process. *Motion for Appointment of Counsel*, p. 2 (Docket No. 38). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).

To date, Plaintiff has articulated his claims and briefed the issues at hand sufficiently. Because Plaintiff's case is clearly subject to dismissal for failure to exhaust his administrative remedies, and the Motion to Dismiss presents no issue that is complex or novel such that appointment of counsel might aid the Court in its decision, Plaintiff's motion shall be denied.

**C.     Motion for Default/Default Judgment**

Finally, Plaintiff filed motions for entry of default and default judgment against Herrera, arguing that Herrera failed to file an answer to the Complaint in a timely manner. *Request for Entry of Default* (Docket No. 40); *Request for Default Judgment* (Docket No. 41). In response to Plaintiff's requests, Herrera filed a motion to strike Plaintiff's motions, arguing that Rule 12 of the Federal Rules of Civil Procedure provides that Herrera's pending motion to dismiss circumvents the requirement that he file an Answer. *Motion to Strike Request for Entry of Default; Motion for Default Judgment; and Declaration of William Brown*, p. 2 (Docket No. 43). Plaintiff's request for entry of default and for default judgment have no merit. A motion to dismiss for failure to state a claim upon which relief may be granted must be filed prior to filing a responsive pleading, such as an Answer. Fed. R. Civ. P. 12(b). Because Herrera's Motion to Dismiss is pending and granted herein, Plaintiff's requests for entry of default and default judgment should be denied.

## RECOMMENDATION

Based upon the foregoing, it is recommended that:

1) Defendant F. Herrera's Motion to Dismiss (Docket No. 29) be GRANTED;

2) Defendant F. Herrera's Second Request for Extension of Time to Respond to Complaint (Docket No. 27) be DENIED as moot;

3) Plaintiff's Notice of Obstruction of Justice– Non Defendants (Calipatria State Prison) and Request for Injunction (Docket No. 37) be DENIED;

4) Plaintiff's Motion for Appointment of Counsel (Docket No. 38) be DENIED;

5) Plaintiff's Request for Entry of Default (Docket No. 40) and Request for Default Judgment (Docket No. 41) be DENIED; and

5) Judgment be entered in favor of Defendant F. Herrera, and the case be dismissed in its entirety with prejudice.

Written objections to this Report and Recommendation must be filed within thirty (30) days pursuant to 28 U.S.C. § 636(b)(1). The document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The parties are advised that as result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: **May 7, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge