IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ODESSA BROWN,)
) Case No. 1:07-CV-00383-BLW-LMB
   Plaintiff, )
) **ORDER ADOPTING**
  v.   ) **REPORT AND**
) **RECOMMENDATION**
KERN VALLEY STATE )
PRISON, et al.,  )
)
   Defendants. )
_____ )

   The Court has before it a Report and Recommendation filed by the United

States Magistrate Judge. (Docket No. 45.)  The Magistrate Judge recommends that

Defendants' Motion to Dismiss be granted based on Plaintiff's failure to exhaust

his administrative remedies within the California prison system before initiating

this lawsuit.  (*Id*. at 9.)  The Magistrate Judge further recommends disposition on

other motions filed by the parties.  (*Id*. at 9-10.)  Plaintiff has filed timely

objections to the Report and Recommendation (Docket No. 47), and the Court

now reviews Plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1)(C).

   Plaintiff first argues that, contrary to the Magistrate Judge's conclusion, he

actually exhausted his administrative remedies because he submitted a grievance

**Order Adopting Report and Recommendation - 1**

at the second level of review within the prison's administrative review system, which Plaintiff contends is the final step in the review process. This is essentially the same argument that he made in opposition to the Motion to Dismiss, and the Court rejects it for the same reason as the Magistrate Judge. California's grievance system has three formal levels. CAL. CODE REGS. Tit. 15, § 3084.5(c),(d). As a general rule, completion of the third level, also known as the Director's Level, exhausts the remedy. *Id*., at § 3084.1(a).

Plaintiff further contends that state prisoners in California who seek only monetary damages do not need to exhaust administrative remedies because damages are unavailable as a remedy within the California Department of Corrections and Rehabilitation (CDRC). This argument is also unavailing. The United States Supreme Court has held at as long as *some* relief is available in a prison's administrative review system, the prisoner must exhaust that process even if the *type* of relief that the prisoner seeks is not available. *Booth v. Churner*, 532 U.S. 731, 734 (2001).

Next, Plaintiff contends that prison officials' failure to comply with time limitations in processing his grievance denied him due process of law. He appears to assert that a delay in the processing of his grievance at the second level warranted the filing of this civil rights suit before he had appealed to the third

**Order Adopting Report and Recommendation - 2**

level.  With limited exceptions, CDRC regulations require prison officials to
return a response at the second level within 30 days if the first formal level is
bypassed, as was the case here.  CAL. CODE REGS. Tit. 15, § 3084.6(b)(3).

Plaintiff signed his grievance on July 25, 2006, and the appeals coordinator
at the prison notified him on August 24 that his grievance had been assigned for a
second level response.  (Docket No. 47, Exhibit A, p. 1.)  In that notification,
Plaintiff was informed that if he was dissatisfied with the second level response,
he had 15 days in which to forward an appeal to the third level.  (*Id*.)  A "due date"
for the second level response was listed as September 7, 2006.  (*Id*.)  The response
was not completed by that date.

Two months later, Plaintiff wrote a letter to the Office of the Inspector
General, indicating that his internal grievance had not yet been resolved and that
he wanted the Inspector General to investigate the matter independently.  (Docket
No. 1, Exhibit D, pp. 45-46.)  On January 19, 2007, a Deputy Inspector General
wrote back and informed Plaintiff that the office had conducted a limited inquiry
and had obtained the prison's second level response, dated December 19, 2006.
(Docket No. 1, Exhibit D, p. 32.)  Plaintiff was told that because it was handled as
a staff complaint within the prison, the office would not investigate it further.  (*Id*.)

While it appears that the second level response was not completed and

**Order Adopting Report and Recommendation - 3**

returned to Plaintiff within the time limitations set by the CDRC's regulations,
Plaintiff was notified no later than January 2007 that a decision had been issued.
Despite this, he filed his civil rights Complaint on March 9, 2007, without
completing the third level of review.  Regardless whether Plaintiff did not receive
a written copy of the second level response until April 2007, he was on notice that
a decision had been made long before then, and yet he did not wait for the decision
to be returned to him, nor did he request a copy to be sent more quickly, thereby
facilitating his appeal to the third level.  Rather than exercising diligence so that
he could complete the administrative process, Plaintiff chose to come directly to
court.

Finally, Plaintiff contends that he submitted a third level appeal within 15
days of the date that he physically received the second level response, complying
with the deadline under CDRC regulations, but that the appeal was improperly
dismissed as untimely.  This Court concurs with the Magistrate Judge that
Plaintiff's argument regarding an improper dismissal at the third level of review is
immaterial because Plaintiff was required to properly exhaust all of his
administrative remedies *before* filing suit in district court.  *Woodford v. Ngo*, 548
U.S. 81, 103 (2006).

All other objections are without merit and will be denied without further

**Order Adopting Report and Recommendation - 4**

comment.

For these reasons, the Court shall adopt the Magistrate Judge's Report and Recommendation in full, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 45) is ADOPTED in full.

IT IS FURTHER HEREBY ORDERED:

1.     Defendant's Motion to Dismiss (Docket No. 29) is GRANTED.

2.     Defendant's Second Request for Extension of Time (Docket No. 27) is DENIED as MOOT.

3.     Plaintiff's Motion for Extension of Time (Docket No. 30) is GRANTED insofar as Plaintiff's Opposition to Defendant's Motion to Dismiss and Memorandum of Points and Authority are considered timely filed.

4.     Plaintiff's Notice of Obstruction of Justice – Non Defendants (Calipatria State Prison) and Request for Injunction (Docket No. 37) is DENIED.

5.     Plaintiff's Motion for the Appointment of Counsel (Docket No. 38) is DENIED.

**Order Adopting Report and Recommendation - 5**

6.     Plaintiff's Motion to Submit Declaration in Support of Motion of

Obstruction of Justice (Docket No. 39) is GRANTED insofar as

Plaintiff's Declaration has been filed.

7.     Plaintiff's Request for Entry of Default (Docket No. 40) and Request

for Default (Docket No. 41) are DENIED.

8.     Defendant's  Motion to Strike Request for Entry of Default; Motion

for Default Judgment; and Declaration of William Brown (Docket

No. 43) is DENIED.

DATED:  **August 27, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge